**Nurmaida SITORUS; Vega Bella Inggrid, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70841.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 23, 2012.

Bruce Cholei Wong, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Aimee J. Frederickson, Trial, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Nurmaida Sitorus and Vega Bella Inggrid, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order summarily affirming their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the agency's finding that the incidents of harassment experienced by petitioners do not rise to the level of persecution, either individually or cumulatively. *See Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009) (incidents suffered by ethnic Chinese petitioner in Indonesia, considered in the aggregate, did not amount to persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003) (record did not compel finding that Ukrainian Pentecostal Christian who was "teased, bothered, discriminated against and harassed" suffered past persecution). Further, even under a disfavored group analysis, the record does not compel the conclusion that petitioners have established a well-founded fear of persecution, because they did not establish sufficient individualized risk of harm. *See Halim*, 590 F.3d at 977–80. Accordingly, petitioners' asylum claim fails.

Because petitioners failed to meet the lower burden of proof for asylum, their claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).